IsRAEL AYCOCK, plaintiff in error, vs. JOHN W. AVEN, guardian of Mary Ann Aycock, minor, defendant in error.

Between the time of the adoption of the amendment of the Constitution, abolishing that part of the Constitution which conferred the "powers of a Court of Ordinary," on the Inferior Courts, and transferring those powers to the Ordinary; and the time of the appointment of the Ordinaries under the amendment, the Inferior Court of Marion county, appointed a guardian. *Hold,* That the appointment was valid.

From Marion county. Appeal to Superior Court from the Court of Ordinary. Decision by Judge WORRILL.

The facts were agreed upon by counsel, and referred to the Court for decision of law.

John W. Aven was appointed guardian of Mary Aycock, minor of Joshua Aycock, deceased, by the Justices of the Inferior Court of said county, in January, 1852, and the appointment was made after the Constitution of the State was altered, so as to divest the Justices of the Inferior Court of jurisdiction in such cases, and vest the same in an Ordinary; and before the Ordinary had been elected, qualified and commissioned.

Israel Aycock moved in the Court of Ordinary to remove Aven from said guardianship, because of these facts.

The Court decided that the appointment was good.

Whereupon plaintiff's counsel excepted, and assign the same as error.

DAVIS & HUDSON, for plaintiff in error.

E. W. MILLER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

"All civil officers shall continue in the exercise of the duties of their several offices during the periods for which they

were appointed, or until they shall be superseded by appointments made in conformity to this Constitution." *Art. 4, Sec. 14, Con. of Ga.*

We must take this provision to apply not merely to the persons in office at the making of the Constitution, but also, to those who might be in office at any time afterwards. It, therefore, is to be taken as applying to the persons who were Justices of the Inferior Court, at the time when the jurisdiction which that Court had as a Court of Ordinary, was transferred from it to the present Court of Ordinary.

And the amendment of the Constitution, making this transfer, is itself to be taken in reference to this provision, and, agreeably to the general principle of construing all instruments, is to be so construed, if possible, that it shall harmonize with this provision.

Now, although, this amendment abolishes the part of the Constitution, conferring that jurisdiction on the Inferior Courts, and substitutes itself for it, yet, it does not say, that the "officers" composing the Inferior Courts, shall not continue to exercise the jurisdiction, until they shall have been superseded by appointments made in conformity to the Constitution; nor is what it does say, that from which, this is *necessarily* to be implied.

And unless it was, it is not to be implied, for repeals by implication, exist only where the repugnancy is necessary.

We think, therefore, that the Court was right in holding, that the appointment of this guardian, was valid, although it was made after the date of the amendment of the Constitution, transferring the power of making such appointments to another tribunal.

Judgment affirmed.